MURIEL B. KAPLAN (SBN: 124607)
MICHELE R. STAFFORD (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA  94105
Telephone:  (415) 882-7900
Facsimile:   (415) 882-9287
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs,
BAY AREA PAINTERS AND TAPERS
PENSION FUND, et al.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION FUND, BAY AREA PAINTERS AND TAPERS HEALTH FUND, BAY AREA PAINTERS AND TAPERS JOINT APPRENTICESHIP TRAINING FUNDS, AND THEIR JOINT BOARDS OF TRUSTEES; FRED INMAN AND CHARLES DEL MONTE, AS TRUSTEES; AND DISTRICT COUNCIL 16 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES;<br><br>          Plaintiffs,<br>     v.<br><br>ROBERT SCOTT WHITE, individually and dba RSW SPECIALTIES,<br><br>          Defendants. | Case No.:  C07-2653 WDB<br><br>**COMPLAINT TO COMPEL AUDIT** |

Parties

1.     The Bay Area Painters and Tapers Pension Fund ("Pension Fund"), the Bay Area Painters and Tapers Health Fund ("Health Fund"), and the Bay Area Painters and Tapers Apprenticeship Training Fund ("Apprenticeship Fund") are employee benefit plans as defined in

-1-
**CASE NO.: C07-2653 WDB**
**COMPLAINT TO COMPEL AUDIT**

the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). The Joint Boards of Trustees of those Funds are the Funds' named fiduciaries under ERISA § 402(a), 29 U.S.C. § 1002(a). Fred Inman is the Chairman and Charles Del Monte is the Secretary of the Joint Boards of Trustees of the Plaintiff Funds and are fiduciaries of those Funds.

2.  District Council 16 of the International Union of Painters and Allied Trades, ("Union") is a labor organization as defined in § 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5).

3.  ROBERT SCOTT WHITE and RSW SPECIALTIES are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2). They are referred to herein as "Defendants".

4.  The Pension Fund, Health Fund, Apprenticeship Funds, and their fiduciaries are herein referred to as "ERISA Plaintiffs."

Jurisdiction

5.  Jurisdiction exists in this Court over the claims asserted by the ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that the ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

6.  Jurisdiction exists in this Court over all the claims by virtue of Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that the plaintiffs seek to enforce the terms and conditions of a collective bargaining agreement between the employers and a labor organization.

7.  To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. §

1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

### Venue

8. Venue exists in this Court with respect to the claims under ERISA § 502 because all of the plans of the ERISA Plaintiffs are administered within this district and the breach took place in this district.

9. Venue exists in this Court with respect to the claims under LMRA §301(a) because the claims arise in this district, the employers are doing business in this district and may be found in this district.

### Intradistrict Assignment

10. The basis for assignment of this action to this court's Oakland Division is that all of the events and omissions giving rise to plaintiffs' claims occurred in the County of Alameda, where the ERISA Plaintiffs and the Bargained Plans are administered, and where defendants failed to fulfill their statutory and contractual obligations to the plaintiffs.

### Bargaining Agreement

11. The Union and defendants entered into a collective bargaining agreement requiring employer contributions to the Plaintiff Funds, and to the Union for union dues. That agreement is referred to herein as the "Bargaining Agreement," and the ERISA Plaintiffs are third party beneficiaries of that Bargaining Agreement.

12. Plaintiffs Board of Trustees are the assignees of monies due under the Bargaining Agreement for the Work Preservation Fund, a California non-profit organization; for the Labor Management Cooperation Initiative, and for the Administrative Fund (the "Funds").

13. Under the terms of said Bargaining Agreement and of the governing documents of the ERISA Plaintiffs which documents are incorporated into the Bargaining Agreement and made

binding on defendants, defendants are required to permit an authorized Trust Fund representative to examine such records of defendants as is necessary to determine whether defendants have made full payment of all sums owed to the Plaintiffs, all as more fully set forth in said governing documents, as amended, and incorporated into the Bargaining Agreement.

14.     Defendants have a statutory duty to make the required payments timely to the ERISA Plaintiffs under ERISA § 515, 29 U.S.C. § 1145.

15.     Defendants have a contractual duty under the Bargaining Agreement to timely make the required contributions to the Bargained Plans, and to permit an examination of records pursuant to the Bargaining Agreement and governing Trust documents as amended.

Facts

16.     On several occasions, written demands were made on defendants on behalf of plaintiffs, to schedule an audit and provide records for examination pursuant to the terms of the Collective Bargaining Agreements and the governing documents of the ERISA Plaintiffs for the period January 1, 2005 through June 30, 2006.

17.     Defendants have refused and continue to refuse to provide records and to permit an authorized representative of the Plaintiffs to examine defendants' records as are necessary to determine whether defendants have made full payment of all sums owed to the plaintiffs for the period January 1, 2005 through June 30, 2006.

18.     Under the terms of said Bargaining Agreement and of the governing documents of the ERISA Plaintiffs which documents are incorporated into the Bargaining Agreement and made binding on defendants, defendants are required to regularly pay to the ERISA Plaintiffs, the Bargained Plans, and the Union for dues, certain sums of money, the amounts of which are determined by the hours worked by employees of defendants, all as more fully set forth in said Bargaining Agreement. Also under the terms of said Bargaining Agreement and the governing

documents of the ERISA Plaintiffs, defendants agreed to pay liquidated damages in the amount of ten percent (10%) for each delinquent payment, together with interest thereon at the rates reasonably set by the Trustees of the ERISA Plaintiffs, from the day immediately following the date that each such payment became due, all as more fully set forth in said governing documents, as amended, and incorporated into the Bargaining Agreement.

19.     Defendants have a statutory duty to make the required payments timely to the ERISA Plaintiffs under ERISA § 515, 29 U.S.C. § 1145.

20.     Defendants have a contractual duty under the Bargaining Agreement to timely make the required contributions to the ERISA Plaintiffs and the Bargained Plans and to timely make the required payment of Union dues.

21.     Defendants' failure and refusal to provide records and to permit examination of its records as alleged herein was at all times, and still is, willful. Defendants continue to breach said Bargaining Agreement, and the governing documents of the ERISA Plaintiffs which documents are incorporated into the Bargaining Agreement and made binding on defendants, by failing to permit examination of its records as alleged. Said refusal is unjustified and done with malicious intent.

22.     Plaintiffs are without an adequate remedy at law and the ERISA Plaintiffs, the Bargained Plans and the Union will suffer continuing and irreparable injury, loss and damage unless defendants are ordered specifically to perform all obligations required on defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the L.M.R.A., 29 U.S.C. §§ 141-197, the Bargaining Agreement, and the governing documents of the ERISA Plaintiffs referred to therein; is restrained from continuing to refuse to perform as required thereunder; is specifically ordered to provide certain records and to permit examination of its records as alleged herein; and to pay all contributions, liquidated damages and interest determined to be due plaintiffs following

examination of defendant's records.

## Prayer

WHEREFORE, Plaintiffs pray as follows:

1.  For an order requiring defendant to provide certain records and to submit to an audit of such records by a date certain for the period January 1, 2005 through June 30, 2006; and

2.  For judgment against defendants in favor of the ERISA Plaintiffs and the Union, in an amount equal to:

   a.  Any unpaid contributions, as determined by said audit of defendants' records for the period January 1, 2005 through June 30, 2006 pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

      (1)  To the ERISA Plaintiffs, in accordance with ERISA Section 502(g)(2)(A), 29 U.S.C. Section 1132(g)(2)(A) and the Bargaining Agreement;

      (2)  To the Union, in accordance with the Bargaining Agreement;

   b.  Liquidated damages in an amount equal to the greater of:

      (1)  Interest on the unpaid contributions, or

      (2)  Liquidated damages provided for under the Bargaining Agreement on the aforementioned unpaid contributions, in accordance with the Bargaining Agreement, the governing documents of the ERISA Plaintiffs, and with respect to the ERISA Plaintiffs, ERISA Section 502(g)(2), 29 U.S.C. Section 1132(g)(2).

   c.  Interest on any unpaid contributions and dues, and on liquidated damages, at the rates and in accordance with the Bargaining Agreement, the governing documents of the ERISA Plaintiffs, ERISA Section 502(g)(2)(B), 29 U.S.C. Section 1132(g)(2)(B), with respect to the ERISA Plaintiffs, and the applicable legal rate with respect to dues and where otherwise appropriate.

3.	For any additional contributions and dues payable to plaintiffs and the Bargained Plans as third party beneficiaries of the Bargaining Agreement at time of judgment, plus interest and liquidated damages as above provided and in accordance with the Bargaining Agreement, the governing documents of the ERISA Plaintiffs and, with respect to the ERISA Plaintiffs, ERISA Section 502(g)(2), 29 U.S.C. Section 1132(g)(2).

4.	ERISA Plaintiffs' reasonable attorneys' fees and costs of this action in accordance with ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D); and in accordance with the collective bargaining agreement for all Bargained Plans, and with LMRA Section 301, 29 U.S.C. § 185 for all plaintiffs.

5.	For an order enjoining defendants from violating the terms of the Bargaining Agreement and the governing documents referred to therein, from disposing of any assets until said terms have been complied with, and from continuation or operation of defendants' business until said terms have been complied with.

6.	That the Court retain jurisdiction of this case pending compliance with its orders.

7.	For such other and further relief as the Court may deem just and proper.

Dated: May 18, 2007				SALTZMAN & JOHNSON LAW CORPORATION


						By:_____/s/_____
						    Muriel B. Kaplan
						    Attorneys for Plaintiffs